IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| GARY F. GRODIN, | ) | CASE NO.1:18-CV-01184 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| Defendant, | ) | |

Gary Grodin sought disability benefits in 2015 due to dizziness, migraines and balance issues.[1] After his claim was initially denied, in 2007 he received a hearing before an ALJ.[2] The ALJ found that although Grodin had severe impairments consisting of depression, disorder of the nervous system, anxiety and gait disturbance,[3] he was nevertheless capable of performing a full range of work during the entire relevant period at all exertional levels with restrictions.[4]

---

[1] Tr.at 15.
[2] *Id*.
[3] *Id*. at 17.
[4] *Id*. at 19.

1

Grodin argues that the RFC is not supported by substantial evidence because the ALJ relied only on positive evidence from 2017 and ignored evidence from the period 2015 to 2016 showing diminished residual functional capacity. I agree.

The evidence is clear that Grodin went through a "rough patch" between 2013 and 2016. During this period he had substantial stability and balance problems,[5] headaches,[6] anxiety,[7] depression[8] and experienced frequent falls.[9] He was prescribed various treatments that were only somewhat helpful.[10] But beginning in August 2016 he began treatment with a new physician[11] and Grodin began to improve.[12] Significantly, in reviewing the improvements due to the new therapies, the ALJ expressly noted that the "record did not indicate that [Grodin] pursued such treatment modalities longitudinally during the relevant period."[13]

In considering the medical record, however, the ALJ gave only partial weight to the functional capacity opinion of Grodin's original primary care doctor, Dr. Miller, who had based his opinion on the many difficulties experienced by Grodin prior to August 2016.[14] The ALJ further stated that this opinion by Dr. Miller was otherwise "unsupported by the

---

[5] *Id.*at 290, 291, 356, 359, 366, 649.
[6] *Id*. at 356, 380.
[7] *Id.* at 372, 375, 432.
[8] *Id*. at 432, 454, 570.
[9] *Id*. at 385, 576.
[10] *Id*. at 364 (balance therapy), 576 (counseling), 543 (Cyptophrenaline and Advil), 571 (Citalopram), 585 (psychiatry), 999 (neuropsychology), 894, 910 (vocational counseling), 749 (cognitive behavioral therapy, psychiatry and physical therapy).
[11] *Id*. at 22 (Dr. Shaikh).
[12] *Id*. at 22-23.
[13] *Id*. at 23.
[14] *Id*.

evidence of record."[15] To that point, the ALJ cited the notes of the second doctor – Dr. Shaikh - as showing that there was no evidence of instability.[16] In sum, the ALJ himself expressly concluded that the evidence showed that "[Grodin] actually demonstrated significant improvement with appropriate and consistent therapies."[17]

This last observation by the ALJ is crucial. The evidence is exactly as he noted. Grodin did significantly improve his function after beginning treatment with Dr. Shaikh in August 2016. But this clear record of improvement doesn't mean that Dr. Miller's earlier observations were rendered invalid of contradicted by Dr. Shaikh's later comments, as the ALJ concluded.

Because the evidence is that Grodin's condition did not remain static, but improved, there is a possibility that Grodin was disabled for a partial closed period between the onset date and the time when he began to improve after starting treatment with Dr. Shaikh. At the very least, substantial evidence does not support the RFC as being applicable throughout the entire relevant period.

Accordingly, the matter is hereby remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: September 10, 2019                      <u>s/William H. Baughman Jr.</u>
                                                                              United States Magistrate Judge

---

[15] *Id.*
[16] *Id.*
[17] *Id.*